IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ENRIQUE DOMENECH,<br><br>On behalf of himself and all other similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL WATER MAIN CLEANING COMPANY,<br><br>Defendant. | Civil Action No.:<br><br>ECF FILED<br><br><br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND** |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

1.  Plaintiff Enrique Domenech ("Plaintiff"), on behalf of himself and all other similarly situated persons, brings this class action lawsuit against Defendant National Water Main Cleaning Company ("Defendant"), to recover damages under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 to 219 (the "FLSA"), the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a to -56a38 (the "NJWHL") and the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 to -4.14 (the "NJWPL").

**JURISDICTION AND VENUE**

2.  Jurisdiction is proper under 28 U.S.C. § 1331 because this action arises under the Class Action Fairness Act ("CAFA"). See 28 U.S.C. § 1332(d).

3.  Venue is proper under 28 U.S.C. § 1391(b)(2) because this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred. Specifically, Plaintiff worked as an employee for Defendant at its facility located at 1806 Newark-Jersey City Turnpike, Kearney, New Jersey 07032.

## PARTIES

4. Plaintiff is a natural person and a citizen of the State of New Jersey.

5. Plaintiff resides in the City of Linden in the County of Union in the State of New Jersey.

6. Defendant is a corporate entity organized and existing under the laws of the State of New Jersey with principal place of business located at 1806 Newark-Jersey City Turnpike, Kearney, New Jersey 07032.

7. Defendant is in the business of providing environmental infrastructure inspection, cleaning and repair services.

8. The Collective Group and Class of similarly situated individuals, is as follows

> All current and former employees of Defendant National Water Main Cleaning Company who worked as Operators and/or Laborers for said Defendant out of Defendant's office/facility in the State of New Jersey during the applicable statute of limitations period. (The "Collective Group" and/or "Class Members").

9. Defendant was the employer of Plaintiff and the Collective Group/Class Members for purposes of the FLSA, NJWHL and the NJWPL.

## SPECIFIC ALLEGATIONS

10. Plaintiff and all Collective Group/Class Members have been employed by Defendant and worked as Laborers and/or Operators out of Defendant's office/facility in the State of New Jersey.

11. Defendant has failed to pay Plaintiff and the Collective Group/Class Members for their time spent traveling to and from Defendant's office/facility to customer locations and performing physical tasks after beginning their work day as required by the FLSA and NJWHL.

12. Plaintiff and the Collective Group/Class Members were required to report to the Defendant's office/facility each workday prior to travelling to a jobsite.

13. At the Defendant's office/facility, Plaintiff and the Collective Group/Class Members were required to pick-up the keys to their work vehicles, load their work vehicles with the equipment needed for the day's work and, at times, repair equipment that needed to be so repaired.

14. At the end of the workday, unless they were staying overnight at local lodging, the Plaintiff and the Collective Group/Class Members were required to return back to the Defendant's office/facility and turn-in the keys to their work vehicles and, at times, unload the equipment from their work vehicles.

15. Defendant took unlawful deductions from Plaintiff and the Collective Groups'/Class Members' pay in violation of the NJWPL in the form of charging them "company benefit costs" which were costs for gloves, ear plugs, Tyvek suits and other similar items that were required to perform work for the Defendant.

16. Defendant's failure to pay the Collective Group/Class Members for all time worked, including time spent traveling for Defendant's purposes to and from its offices, to and from the customer locations resulted in the Collective Group/Class Members being denied legally required compensation.

17. When factoring in the additional hours described above, Defendant also failed to pay Plaintiff and the Collective Group/Class Members 1.5 times their hourly rate for all hours they worked in excess of forty (40) hours per week as required by the NJWHL.

18. Defendant's failure to pay the Collective Group/Class Members 1.5 times their hourly rate for all hours they worked in excess of forty (40) hours per week also resulted in the Collective Group/Class Members being denied legally required compensation.

19. Defendant's unlawful deductions from the Collective Groups'/Class Members' pay denied them compensation to which they were legally entitled to receive.

## COLLECTIVE ACTION ALLEGATIONS

20. Plaintiff brings count one set forth below as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all other individuals who, any time after April 2015, worked as Laborers and/or Operators out of the Defendant's New Jersey office/facility.

21. Plaintiff and all individuals who, any time after April 2015, worked as Laborers and/or Operators out of the Defendant's New Jersey office/facility are similarly situated in that they have all been subject to the Defendant's common wage payment practices.

22. Upon information and belief, Defendant knew that the Plaintiff and all similarly situated individuals performed work that required payment.

23. As a result, Defendant's conduct was willful.

24. Count one of this Complaint for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) because the Plaintiff's claim is similar to the claims of all Laborers and/or Operators who worked out of the Defendant's New Jersey office/facility.

25. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and Collective Group members, and notice of this lawsuit should be sent to them. Those similarly situated individuals are known to the Defendant and are readily identifiable through Defendant's payroll records.

## CLASS ACTION ALLEGATIONS

26. Plaintiff brings counts two and three set forth below as a class action, pursuant to Federal Rule of Civil Procedure 23, on behalf of himself and all other individuals who, any time

after April 2012, worked as Laborers and/or Operators out of the Defendant's New Jersey office/facility.

27. Class action treatment is appropriate because, as summarized in Paragraphs 28-34 below, all of Rule 23's requirements are satisfied.

28. The class is so numerous that joinder of all class members is impracticable.

29. Plaintiff is a Class Member, his claims are typical of the claims of other Class Members and he has no interests that are antagonistic to or in conflict with the interests of other Class Members.

30. Plaintiff will fairly and adequately represent the Class Members and their interests, and he has retained competent and experienced counsel who will effectively represent the Class Members' interests.

31. Questions of law and fact are common to all Class Members.

32. Common questions of law and fact predominate over questions affecting only individual Class Members. These common questions include:

> a. Whether Class Members were not paid for their pre and post trip time worked and for time spent traveling, at Defendant's behest, to and from Defendant's New Jersey office to and from customer/job locations; and
>
> b. Whether the conduct alleged in Paragraph 32(a) violates the Fair Labor Standards Act and New Jersey Wage and Hour Law; and
>
> c. Whether Class Members were not paid 1.5 times their hourly rate for all hours they worked in excess of forty (40) hours per week; and
>
> d. Whether the conduct alleged in Paragraph 32(c) violates the New Jersey Wage and Hour Law; and
>
> e. Whether Class Members had their wages reduced to account for various deductions, charges and/or expenses that do not benefit Plaintiff or other Class Members; and

  f. Whether the conduct in alleged Paragraph 32(e) violates the New Jersey Wage Payment Law.

33. A class action is superior to other available methods for the fair and efficient adjudication of this litigation.

34. The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications. Prosecution as a class action will also eliminate the possibility of repetitious litigation.

## COUNT ONE

### (FAIR LABOR STANDARDS ACT OF 1938)

35. Plaintiff reasserts Paragraphs 1-34 as if set forth at length herein.

36. Defendant's conduct against Plaintiff and the Collective Group Members violates the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 to 219.

37. As a result of Defendant's unlawful conduct, Plaintiff and the Collective Group Members have endured significant economic damages.

## COUNT TWO

### (NEW JERSEY WAGE AND HOUR LAW)

38. Plaintiff reasserts Paragraphs 1-37 as if set forth at length herein.

39. Defendant's conduct against Plaintiff and the Class Members violates the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a to -56a38.

40. As a result of Defendant's unlawful conduct, Plaintiff and the Class Members have endured significant economic damages.

## COUNT THREE

### (NEW JERSEY WAGE PAYMENT LAW)

41. Plaintiffs reassert Paragraphs 1-40 as if set forth at length herein.

42.     Defendant's conduct against Plaintiff and the Class Members violates the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 to -4.14, by reducing the payments made to Plaintiff and the Class Members to account for various deductions, charges and/or expenses that do not benefit Plaintiff or other Class Members.

43.     As a result of Defendant's unlawful conduct, Plaintiff and the Class Members have endured significant economic damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Enrique Domenech, on behalf of himself and all other Class Members, respectfully requests that the Court enter judgment in his favor as follows:

A. Certify Plaintiff's FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b), and Plaintiff's state law claims as a class action pursuant Fed R. Civ. P. 23 and appoint Plaintiff and his counsel to represent the Collective Group and Class;

B. Declare and find that the Defendant violated the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 to 219;

C. Declare and find that the Defendant violated the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a to -56a38;

D. Declare and find that the Defendant violated the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 to -33.6;

E. Award compensatory damages, including all expenses owed, underpaid and unpaid wages and deductions, as well as liquidated damages in an amount according to proof;

F. Award all costs, expenses and attorney's fees, with appropriate enhancement, incurred in prosecuting this claim;

G. Award pre-judgment and post-judgment interest at the highest rates allowed by law;

H. Injunctive relief in the form of an order directing Defendant to comply with federal and New Jersey law; and

I. Such other relief as in law or equity may pertain.

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial as to all issues so triable.

Date: April 23, 2018
Princeton, New Jersey

Respectfully submitted,

By: /s/ Ravi Sattiraju
**THE SATTIRAJU LAW FIRM, P.C.**
Ravi Sattiraju, Esq.
Anthony S. Almeida, Esq.
116 Village Boulevard, Suite 200
Princeton, New Jersey 08540
Tel: (609) 799-1266
Fax: (609) 228-5649
Email: rsattiraju@sattirajulawfirm.com

Adam J. Shafran, Esq.*
**RUDLOPH FRIEDMANN, LLP**
92 State Street
Boston, Massachusetts 02109
Tel: (617) 723-7700
Fax: (617) 227-0313
Email: ashafran@rflawyers.com

* *Pro Hac Vice* Admission Anticipated

*Attorneys for Plaintiff and all other similarly situated persons*.

## LOCAL CIVIL RULE 11.2 CERTIFICATION

I, Ravi Sattiraju, Esq., counsel for Plaintiff Enrique Domenech, on behalf of himself and others similarly situated, certify that the matter in controversy is not the subject of any other action pending in any court nor any pending arbitration or administrative proceeding.

By: /s/ Ravi Sattiraju
**THE SATTIRAJU LAW FIRM, P.C.**
Ravi Sattiraju, Esq.

Date: April 23, 2018
Princeton, New Jersey

## DEMAND TO PRESERVE EVIDENCE

**DEMAND IS HEREBY MADE** that all Defendant preserve all physical and electronic information pertaining or relating in any way to: (a) Plaintiff's employment; (b) his claims under the New Jersey statutory law; (c) any and all defenses thereto; and (d) pertaining or relating to any electronic data storage, digital images, computer images, cache memory, searchable data, emails, spreadsheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, Myspace, LinkedIn, etc.)  and any other information and/or data and/or things and/or documents which may pertain to any claim or defense concerning this Complaint. Failure to do so may result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

By: /s/ Ravi Sattiraju
**THE SATTIRAJU LAW FIRM, P.C.**
Ravi Sattiraju, Esq.

Date: April 23, 2018
Princeton, New Jersey