# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ENRIQUE DOMENECH AND EMANNUEL LOPEZ individually and on behalf of all persons similarly situated, | Civil Action No.: 2:18-cv-08202 SDW-LDW |
| Plaintiffs, | |
| v. | |
| NATIONAL WATER MAIN CLEANING COMPANY, | |
| Defendant. | |

## COLLECTIVE AND CLASS ACTION SETTLEMENT
## AGREEMENT AND RELEASE

1.     This Settlement Agreement and Release ("Settlement Agreement," "Settlement" or "Agreement") is entered into between Plaintiff Enrique Domenech and Plaintiff Emmanuel Lopez ("Named Plaintiffs," and each individually, a "Named Plaintiff"), individually and on behalf of all other similarly-situated persons, and National Water Main Cleaning Company ("NWMCC" or "Defendant"), subject to the approval of the Court. Named Plaintiffs and Defendant may be referred to collectively as the "Parties," and each, individually, a "Party."

## RECITALS

2.     Plaintiff Domenech filed a Collective and Class Action Complaint and Jury Trial Demand in the District Court for the Southern District of New Jersey on April 23, 2018 asserting federal and state law claims for, among other things, allegedly unpaid overtime wages and unlawful deduction from wages. (ECF No. 1). Domenech filed an amended complaint on June 25, 2018 (ECF No. 17), and a second amended complaint adding Lopez as a Named Plaintiff on November 21, 2018 (the "Complaint.") (ECF No. 34).

3.     In the Complaint, Named Plaintiffs allege that NWMCC failed to pay them and members of the proposed collective and class actions for time spent traveling to and from Defendant's office facility in Kearney, New Jersey to customer locations, and for time spent performing physical tasks after beginning their work day. Named Plaintiffs also assert a claim for unlawful deductions from wages in the form of charging "company benefit costs." Although the Parties dispute whether the allegation was properly pled in the Complaint, Named Plaintiffs also seek to bring claims on behalf of the proposed class relating to alleged unlawful deductions from wages relating to uniform deductions (hereinafter, the "Lawsuit"). Named Plaintiffs seek to represent approximately 176 proposed collective and class action members who worked as an Operator or Laborer out of Defendant's facility located in Kearny, New Jersey within the relevant

collective and class action periods who have not previously released their claims (collectively, "Settlement Class Members").

4.      As part of ongoing discussions to facilitate settlement in advance of a settlement conference with the Court, Defendant produced data relating to all Settlement Class Members including, but not limited to: (i) prevailing wage rates and breakdowns; (ii) "cost of benefits" explanations; (iii) time and pay records; (iv) aggregate yearly hours worked for each Settlement Class Member by pay category; (v) total compensation by year, by pay category; and (vi) information related to payroll deductions for uniforms throughout the relevant time period. Defendant also produced electronic records reflecting vehicles accessed and utilized by Settlement Class Members.

5.      Prior to the settlement conference, the Parties came to an agreement in principle, subject to execution of a mutually agreeable, definitive and final settlement agreement, to finally resolve and dismiss, with prejudice, the pending Lawsuit and all claims that were or could have been asserted therein, subject to approval by Court.

6.      Settlement Class Counsel has made a thorough and independent investigation of the facts and law relating to the allegations in the Lawsuit. In agreeing to this Settlement, Named Plaintiffs have considered: (i) the facts developed during the litigation, including facts developed through written and document discovery, and the facts elucidated at the Named Plaintiffs' depositions, as well as information produced by Defendant for the purposes of facilitating settlement discussions, and the law applicable thereto; (ii) the attendant risks of continued litigation and the uncertainty of the outcome of the claims alleged against Defendant; and (iii) the desirability of consummating this Settlement according to the terms of this Settlement Agreement. Named Plaintiffs have concluded that the terms of this Settlement are fair, reasonable and adequate, and that it is in the best interests of Named Plaintiffs and of the Settlement Class Members to settle their disputed claims against Defendant pursuant to the terms set forth herein.

7.      Defendant denies all allegations in the Lawsuit and denies that it failed to correctly pay wages to any Settlement Class Member, or to any other Person who worked for Defendant. Defendant further denies liability for any other allegation set forth in the Lawsuit or claims that Named Plaintiffs have raised throughout the litigation, whether or not in the Complaint, including but not limited to claims for unpaid wages, unpaid overtime wages and unlawful deduction from wages. Defendant is entering into this Agreement for the purpose of eliminating the burden, risk, and expense of further litigation. This Settlement Agreement and all related documents are not and shall not be construed as an admission by Defendant or any of the Releasees of any fault, liability or wrongdoing, which Defendant expressly denies.

8.      The Parties recognize that sending Notice of Settlement to Settlement Class Members and the Court's approval of this Settlement and that notice, are required to effectuate the Settlement and are material terms of Settlement. The Parties agree that the Settlement will not become operative or effective until the Court grants its approval of the Settlement, the Settlement becomes Final within the meaning of this Agreement, and the Settlement Effective Date occurs.

9.      The Parties stipulate and agree that, for settlement purposes only, the requisites for establishing collective action certification under the FLSA, § 216(b), and class action certification

under Rule 23(a) and (b) of the Federal Rules of Civil Procedure, are met. Should this Settlement not become Final or the Settlement Effective Date not occur, such stipulation to collective and class action certification for settlement purposes only shall become null and void and shall have no bearing on, and shall not be admissible in connection with, the issue of whether or not collective or class action certification would be appropriate in a non-settlement context. Defendant expressly denies that collective and class action treatment is or would be appropriate in the litigation context or for trial.

10.     In consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by each party to the other, IT IS HEREBY AGREED, by and between the undersigned, subject to the approval of the Court and the other conditions set forth herein, that Named Plaintiffs' Released Claims, Settlement Class Members' Released Claims, and Settlement Participants' Released Claims shall be finally and fully settled, compromised and dismissed, on the merits and with prejudice, as to the Defendant and Releasees, in the manner and upon the terms and conditions set forth below.

<u>DEFINITIONS</u>

11.     The following terms used in this Settlement Agreement shall have the meanings ascribed to them below:

a.     "Attorneys' Fee Award" means the award of attorneys' fees that the Court authorizes to be paid to Settlement Class Counsel for the services they rendered in the Lawsuit.

b.     "CAFA Notice" means the notice to be sent by the Settlement Administrator to appropriate federal and state officials pursuant to the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b) ("CAFA").

c.     "Check Expiration Date" means the date on which individual Settlement Awards shall become void. All Settlement Awards shall remain valid and negotiable for sixty (60) calendar days after the date on which the Settlement Award is first issued, and may thereafter automatically be canceled if not cashed, deposited, endorsed or negotiated ("Cashed") within that time. On and after the Check Expiration Date, any Settlement Award check that has not been Cashed will be deemed void and of no further force and effect, and shall become part of the Reverter. Any Settlement Participant who fails to Cash a Settlement Award by the Check Expiration Date will be deemed to have irrevocably waived any right to a Settlement Award pursuant to this Agreement, but the Settlement and the Settlement Participants' Released Claims will remain binding upon such Settlement Participant.

d.     "Claim Form" means a written, signed form, approved by the Court and substantially in the form attached hereto as Exhibit A, that Settlement Class Members must timely and validly complete and submit to the Settlement Administrator by First Class U.S. Mail to receive a Settlement Award and become a Settlement Participant. In order to constitute a valid Claim Form, the Settlement Class Members must comply with the provisions of Paragraph 26. Claims Forms that are altered, unsigned, or untimely will be invalid, however, if an invalid Claim Form is received by the Settlement Administrator, the Settlement Class Member will be provided an opportunity to cure pursuant to Paragraph 30 below.

3

e.      "Claim/Exclusion/Objection Deadline" means the deadline by which Settlement Class Members must file a valid Claim Form, valid Exclusion Request, or valid Objection to the proposed Settlement consistent with Paragraphs 26-28 herein. Claim Forms, Exclusion Requests and Objections postmarked after the Claim/Exclusion/Objection Deadline shall not be timely and shall be of no force or effect. The Claim/Exclusion/Objection Deadline shall be forty-five (45) calendar days following the Initial Mailing Date.

f.      "Court" means the United States District Court for the Southern District of New Jersey.

g.      "Defendant" means National Water Main Cleaning Company.

h.      "Defendant's Counsel" means Seyfarth Shaw LLP.

i.      "Dollar Value" is defined in Paragraph 36(a).

j.      "Exclusion Request" means a written, signed document that Settlement Class Members must timely and validly complete and submit to the Settlement Administrator by First Class U.S. Mail to be excluded from the Settlement consistent with Paragraph 28 herein. Settlement Class Members who submit a timely and valid Request for Exclusion will not be bound by this Settlement Agreement and will not be entitled to receive a share of the Net Settlement Amount.

k.      "Final" shall mean, with respect to a judgment or order, that the judgment or order is final and appealable and either: (a) no appeal, motion, or petition to review or intervene has been taken with respect to the judgment or order as of the date on which all times to appeal, move, or petition to review or intervene therefrom have expired, or (b) if an appeal, motion or petition to intervene or other review proceeding of the judgment or order has been commenced, such appeal, motion or petition to intervene or other review is finally concluded and no longer is subject to review by any court, whether by appeal, petitions for rehearing or re-argument, petitions for rehearing *en banc,* petitions for writ of certiorari or otherwise, and such appeal or other review has been finally resolved in such manner that affirms the judgment or order in its entirety.

l.      "Final Approval" or "Final Approval Order" means the Court's Final Approval Order approving the Settlement and entering judgment.

m.      "Final Approval Hearing" means the hearing to be held by the Court to consider the Final Approval of the Settlement.

n.      "Gross Settlement Amount" means the maximum amount that Defendant shall pay in connection with this Settlement, in exchange for the release of the Named Plaintiffs' Released Claims, Settlement Class Members' Released Claims and Settlement Participants' Released Claims, and shall include, subject to Court approval, the Attorneys' Fee Award, an award of litigation costs to Settlement Class Counsel, a Service Award to each of the Named Plaintiffs, all employer-side taxes, and all other costs and fees associated with claims administration and Settlement of the Lawsuit, but shall exclude Settlement Administration Costs. The Gross Settlement Amount is the gross sum of One Million One Hundred Fifty Thousand Dollars and Zero Cents ($1,150,000.00), which is a maximum all-in number. Except for Settlement

4

Administration Costs, in no event shall: (i) the Gross Settlement Amount exceed this sum; or (ii) Defendant be required to pay more than the Gross Settlement Amount in connection with the Settlement. In no event shall Defendant be required to pay more than Twenty Thousand Dollars ($20,000) in Settlement Administration Costs. The Parties acknowledge and agree that Defendant's obligation to pay no more than the Gross Settlement Amount in addition to a maximum of Twenty Thousand Dollars ($20,000) in Settlement Administration Costs are material terms of this Agreement, and that no Settlement could have been reached by the Parties without these terms.

   o. "Initial Mailing" means the first date on which the Settlement Administrator mails the Notice of Settlement to all Settlement Class Members.

   p. "Lawsuit" means the above captioned lawsuit.

   q. "Named Plaintiffs" means Enrique Domenech and Emmanuel Lopez.

   r. "Named Plaintiffs' Released Claims" are defined at Paragraph 19. The Parties agree that this Agreement and the Named Plaintiffs' Released Claims may be raised as a complete defense to and will preclude any action or proceeding based on any of the Named Plaintiffs' Released Claims.

   s. "Net Settlement Amount" means the Gross Settlement Amount plus any interest that accrues on the Gross Settlement Amount prior to the Initial Mailing, less: (i) Ten Thousand Dollars ($10,000) in Service Awards for each Named Plaintiff, for their efforts in bringing and prosecuting this matter, for a total of Twenty Thousand Dollars ($20,000.00); (ii) the payment of the Attorneys' Fee Award, not to exceed Forty Percent (40%) of the Gross Settlement Amount or Four Hundred Sixty Thousand Dollars ($460,000), plus the payment of out-of-pocket costs incurred by Settlement Class Counsel, which are estimated to be Five Thousand Dollars ($5,000); and (iii) all employer side-taxes, withholdings, and all other costs and fees associated with settlement administration, other than Settlement Administration Costs.

   t. "Notice of Settlement" means the Notice of Collective and Class Action Settlement to be sent to the Settlement Class Members substantially in the form of Exhibit B, attached hereto, or as otherwise approved by the Court.

   u. "Objection" refers to a written, signed, valid and timely document that Settlement Class Members must send to the Settlement Administrator, Settlement Class Counsel and Defendant's Counsel by First Class U.S. Mail. In order to constitute a valid Objection, the Settlement Class Members must comply with the provisions of Paragraph 27.

   v. "Parties" means the parties to this Agreement.

   w. "Person" means individuals as well as corporations and associations existing under or authorized by federal law or the law of any state.

   x. "Preliminary Approval" or "Preliminary Approval Order" means the Court's Preliminary Approval Order preliminarily approving the terms and conditions of this Agreement.

y.     "Released Claims" means Named Plaintiffs' Released Claims, Settlement Class Members' Released Claims and Settlement Participants' Released Claims.

z.     "Releasees" means Defendant and its past and present parent companies, affiliates, subsidiaries, divisions, and joint ventures, and all of its and their past and present shareholders, officers, directors, employees, agents, servants, owners, members, investors, executors, administrators, general partners, limited partners, real or alleged alter egos, predecessors, successors, transferees, assigns, registered representatives, attorneys, insurers, partners, profit sharing, savings, health and other employee benefit plans of any nature, the successors of such plans and those plans' respective trustees, administrators, agents, employees, attorneys, fiduciaries, and other persons acting on its or their behalf, and each of them, and the predecessors and successors, assigns and legal representatives of all such entities and individuals.

aa.     "Reminder Notice" means the notice without material change attached hereto as Exhibit C to be sent by the Settlement Administrator consistent with Paragraph 25(i), via electronic mail, to Settlement Class Members who have not responded to the Claim Form, at the last known email address based on Defendant's records, but only in the event that fewer than Fifty Percent (50%) of Settlement Class Members respond to the Notice of Settlement, either by filing a Claim Form or an Exclusion Request.

bb.     "Settlement Administrator" means Atticus Class Action Administration subject to the approval of the Court. The Settlement Administrator shall perform all claims administration services and those services identified specifically in this Agreement, including but not limited to establishment of a Qualified Settlement Fund ("QSF"); distribution from the QSF of payments in accordance with the terms of this Agreement; perform all necessary and required tax reporting; and all other duties assigned by agreement of the Parties or by the Court.

cc.     "Settlement Administration Costs" means the maximum amount Defendant shall be required to pay to pay to the Court approved Settlement Administrator in settlement administration costs and fees. In no event shall Settlement Administration Costs exceed Twenty Thousand Dollars ($20,000). The Parties agree to cooperate in the settlement administration process and to make all reasonable efforts to control and minimize the costs incurred in the administration of the Settlement, which are currently estimated to be approximately Thirteen Thousand Nine Hundred and Forty-Nine Dollars ($13,949).

dd.     "Settlement Award" means the individual payment that each Settlement Class Member shall be eligible to receive pursuant to the terms of this Agreement, and includes Redistributed Settlement Award, to the extent applicable.

ee.     "Settlement Class" or "Settlement Class Member" means the Named Plaintiffs, and all other Persons who worked as an Operator or Laborer out of Defendant's Kearney, New Jersey facility, who have not previously released their claims and: (i) who seek to assert claims for alleged unpaid wages from April 23, 2016 to date, or (ii) who seek to assert claims for alleged unlawful deductions, from April 23, 2012 to date. There are approximately 176 members of the Settlement Class. Persons who do not meet the definition of "Settlement Class Member" shall not be eligible to participate in this Settlement and shall not receive a Notice of

Settlement or be eligible to receive a Settlement Award. Defendant's records shall control with respect to who is a Settlement Class Member.

ff.  "Settlement Class Counsel" means Sattiraju & Tharney, LLP (formerly The Sattiraju Law Firm, P.C.) and Rudolph Friedmann LLP.

gg.  "Settlement Class Members' Released Claims" is defined below in Paragraph 17. The Parties agree that this Agreement and the Settlement Class Members' Released Claims may be raised as a complete defense to and will preclude any action or proceeding based on any of the Settlement Class Members' Released Claims.

hh.  "Settlement Effective Date" means the third business day after the Court's Final Approval Order becomes Final.

ii.  "Settlement Participants" means all Settlement Class Members who submit a timely and valid Claim Form. Named Plaintiffs shall be deemed Settlement Participants and their claims shall be finally, fully and forever released, by virtue of their execution of this Settlement Agreement, and need not file a Claim Form.

jj.  "Settlement Participants' Released Claims" is defined below in Paragraph 18. The Parties agree that this Agreement and the Settlement Participants' Released Claims may be raised as a complete defense to and will preclude any action or proceeding based on any of the Settlement Participants' Released Claims.

kk.  "Settlement Workdays" is defined in Paragraph 25(e).

ll.  As used in this Settlement Agreement, the plural form of any definition above or elsewhere includes the singular, and the singular form of any definition includes the plural.

## LIMITATION OF EFFECT OF SETTLEMENT

12.  The Settlement shall not constitute, in this or any other proceeding, an admission of any kind by Defendant, including without limitation, any admission of wrongdoing or that certification of a class or collective action in the Lawsuit is appropriate or proper for any purposes other than settlement. If the Settlement is not finally approved, the Settlement Effective Date does not occur, or the Settlement is otherwise terminated, Defendant expressly reserves all rights to challenge certification of any class or collective action on all available grounds. Named Plaintiffs, Settlement Class Members, and Settlement Participants agree not to seek to use any part of this Agreement to attempt to establish liability for any claims asserted in the Complaint or included in the Releases (below) or to seek certification of a class or collective other than the Settlement Class, for purposes of settlement only, expressly provided herein.

## RELEASES

13.  In exchange for the consideration set forth in this Settlement Agreement, Named Plaintiffs, Settlement Class Members and Settlement Participants agree to release all claims as set forth herein.

14.     All Settlement Class Members will receive a Notice of Settlement and a Claim Form. The Settlement will be on a claims-made basis. Only Settlement Class Members who submit a timely and valid Claim Form prior to the Claim/Exclusion/Objection Deadline, shall be deemed to have participated in the Settlement, will become Settlement Participants, and shall release all Settlement Participants' Released Claims. Only Settlement Participants shall receive a Settlement Award. Only Settlement Participants shall release claims under the Fair Labor Standard Act ("FLSA").

15.     Settlement Class Members who do not become Settlement Participants but who do not exclude themselves from the Settlement by filing a timely and valid Exclusion Request prior to the Claim/Exclusion/Objection Deadline, shall release all Settlement Class Members' Released Claims. Such Settlement Class Members shall not receive a Settlement Award.

16.     Settlement Class Members who exclude themselves from the Settlement by filing a timely and valid Exclusion Request by the Claims/Exclusion/Objection Deadline, shall not be bound, implicated, impacted or effected by the Settlement. They shall not receive a Settlement Award and shall not release any claims.

17.     **Settlement Class Members' Released Claims.** All Settlement Class Members, except those who submit a timely and valid Exclusion Request, shall finally, fully and with prejudice, release and discharge all wage-and-hour, wage payment, and all wage-, pay- or compensation-based causes of action, claims, rights, damages, punitive or statutory damages, interest, penalties, liabilities, expenses and losses and issues of any kind or nature whatsoever, whether known or unknown, against NWMCC and Releasees that were or could have been asserted in the Lawsuit based on the facts or claims alleged in the Complaint or in any versions of any complaint filed in the Lawsuit, as of the Settlement Effective Date. These released claims specifically include, but are not limited to, all state and federal, statutory, regulatory, constitutional, contractual or common law claims for wages, unpaid wages, unpaid minimum wage, unpaid overtime wages, untimely paid wages, other claims relating to wage payment of any kind, failure to provide accurate wage statements or other notices required by law, wage deduction, prevailing wage, off-the-clock work, meal and rest breaks, deductions from pay, all other pay practices, such as alleged deductions for "company benefits costs" as alleged in the Complaint, and all related or derivative claims or other claims of any nature for wages or other compensation, and claims for any other form of compensation of any kind (including unjust enrichment or *quantum meruit),* including any and all claims for damages, unpaid costs or expenses, penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, including by way of example only, claims arising out of or based upon alleged violations of the New Jersey Wage and Hour Law and the New Jersey Wage Payment Collection Act, as well as any similar, parallel, related or derivative laws. The released claims include, without limitation, claims meeting the above definition(s) under any and all similar or analogous laws of any other state, and are hereby released to the fullest extent permitted by law, regardless of the forum.

18.     **Settlement Participants' Released Claims.** Settlement Participants shall finally, fully and with prejudice, release and discharge all wage-and-hour, wage payment, and all wage-, pay- or compensation-based causes of action, claims, rights, damages, punitive or statutory damages, interest, penalties, liabilities, expenses and losses and issues of any kind or nature whatsoever, whether known or unknown, against NWMCC and Releasees that were or could have

been asserted in the Lawsuit based on the facts or claims alleged in the Complaint or in any versions of any complaint filed in the Lawsuit, as of the Settlement Effective Date. These released claims specifically include, but are not limited to, all state and federal, statutory, regulatory, constitutional, contractual or common law claims for wages, unpaid wages, unpaid minimum wage, unpaid overtime wages, untimely paid wages, other claims relating to wage payment of any kind, failure to provide accurate wage statements or other notices required by law, wage deduction, prevailing wage, off-the-clock work, meal and rest breaks, deductions from pay, all other pay practices, such as alleged deductions for "company benefits costs" as alleged in the Complaint, and all related or derivative claims or other claims of any nature for wages or other compensation, and claims for any other form of compensation of any kind (including unjust enrichment or *quantum meruit),* including any and all claims for damages, unpaid costs or expenses, penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, including, by way of example only, claims arising out of or based upon alleged violations of the FLSA, the New Jersey Wage and Hour Law and the New Jersey Wage Payment Collection Act, as well as any similar, parallel, related or derivative laws. The released claims include, without limitation, claims meeting the above definition(s) under any and all similar or analogous state or federal laws, and are hereby released to the fullest extent permitted by law, regardless of the forum. A timely and valid Claim Form will serve as a consent to sue form as required by the FLSA which must be filed with Court.

19.     **Named Plaintiffs' Released Claims.** Named Plaintiffs hereby agree to a general release of claims. Named Plaintiffs each agree to generally release and discharge, finally, fully and with prejudice, all causes of action, claims, rights, damages, punitive or statutory damages, penalties, liabilities, expenses and losses and issues of any kind or nature whatsoever, whether known or unknown, against NWMCC and Releases, that either of the Named Plaintiffs have or may have against NWMCC that arose prior to the Settlement Effective Date. These released claims include, but are not limited to, all state and federal, statutory, regulatory, constitutional, contractual or common law claims for wages, unpaid wages, unpaid minimum wage, unpaid overtime wages, untimely paid wages, other claims relating to wage payment, failure to provide wage statements, wage deduction, prevailing wage, off-the-clock work, meal and rest breaks, deductions from pay, all other pay practices, such as alleged deductions for "company benefits costs" as alleged in the operative Complaint, and all related or derivative claims or other claims of any nature for wages, and claims for any other form of compensation of any kind (including unjust enrichment or *quantum meruit),* including any and all claims for damages, unpaid costs or expenses, penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, including, by way of example only, claims arising out of or based upon alleged violations of the FLSA, New Jersey Wage and Hour Law, the New Jersey Wage Payment Collection Act, the New Jersey Constitution, the New Jersey Law Against Discrimination, N. J. Rev. Stat. § 10:5-1 et seq., the New Jersey Family Leave Act, N.J. Stat. § 34:11B-1 et seq., the New Jersey Conscientious Employee Protection Act, N.J. Stat. § 34:19-1 et seq., any claims under any other New Jersey or other state or local anti-discrimination, employment or human rights laws or regulations, or any other federal, state or local law, ordinance or regulation, as well as any similar, parallel, related or derivative laws. Named Plaintiffs acknowledge that they may have claims that are presently unknown based on actions that took place prior to the Settlement Effective Date and that the general release contained in the Settlement Agreement is intended to and will fully, finally, and forever discharge all claims against NWMCC, whether now asserted or un-asserted, known or unknown, suspected or unsuspected, which now exist, or heretofore existed,

which if known, might have affected their decision to enter into a general release. Named Plaintiffs agree that, although they may discover facts in addition to or different from those that are currently known or believed to be true, it is their intention to fully, finally, and forever settle and release any and all claims against NWMCC, without regard to the subsequent discovery or existence of such additional or different facts. The released claims include, without limitation, claims meeting the above definition(s) under any and all similar or analogous state or federal laws, and are hereby released to the fullest extent permitted by law, regardless of the forum.

20.     Named Plaintiffs' execution of this Agreement is a material term of Settlement without which no Settlement could have been achieved. If either Named Plaintiff fails to execute this Agreement or files a timely and valid Exclusion Request, then Defendant may, at its sole discretion, terminate the Settlement Agreement, which shall then have no further effect or meaning nor be admissible for any purpose in any further proceeding. Named Plaintiffs shall be deemed Participating Plaintiffs by virtue of having executed this Agreement and are not required to file a Claim Form.

21.     The Parties acknowledge and agree that the foregoing Released Claims are material terms of this Agreement and that no Settlement could have been reached by the Parties without such terms.

22.     **No Rehire.** Each Named Plaintiff affirms that as of the date of this Agreement, he does not desire employment with Defendant and is not eligible for rehire with Defendant or any of its parents, successors, subsidiaries, affiliates or sibling corporate entities ("Non-Hiring Entities") and hereby agrees not to seek or apply for employment with any of the Non-Hiring Entities. Each Named Plaintiff acknowledges that the existence of this provision will be sufficient grounds for the Non-Hiring Party to deny employment to him and to request and receive his resignation of employment in the event he becomes employed by any of the Non-Hiring Parties.

23.     **Covenant Not to Sue.** Named Plaintiffs, Settlement Class Members and Settlement Participants, to the fullest extent allowed by law, are prohibited from asserting any claims released by them under this Settlement Agreement, and from commencing, joining in, prosecuting, or voluntarily assisting in a lawsuit or adversarial proceeding against Defendant or Releasees, based on claims released by them in this Settlement. The Parties acknowledge and agree that the Covenant Not to Sue is a material term of this Agreement and that no Settlement could have been reached by the Parties without it.

24.     **Consent to Join the Lawsuit.** A timely and valid Claim Form will constitute a consent to join the Lawsuit, as required by the FLSA, for settlement purposes only, and will also constitute Settlement Participants' agreement to the release of Settlement Participants' Released Claims, including all FLSA, and all other federal and state wage and hour claims, as well as their agreement to a covenant not to sue. Each Settlement Participant shall be deemed an opt-in party plaintiff under the FLSA for purposes of the Settlement. The Notice of Settlement will explain that by filing a timely and valid Claim Form, the Settlement Participant: (i) will be electing to opt into the Settlement; (ii) will be authorizing Settlement Class Counsel to file with the Court evidence of his or her consent to join the Settlement of the Lawsuit as a party plaintiff, such as his or her name and a copy of the Claim Form; (iii) will be asserting a claim under the FLSA and any applicable state and/or local laws for all wages, including disputed overtime and wage deduction claims,

including but not limited to Settlement Participants' Released Claims; and (iv) will be releasing and agreeing not to sue or otherwise make a claim for any of the Settlement Participants' Released Claims. The Settlement Administrator shall, within five (5) days of receiving timely and valid Claim Forms from Settlement Participants, provide copies of such Claim Forms to Settlement Class Counsel, and Settlement Class Counsel will file the Claim Forms with the Court within five (5) days of receipt.

## CERTIFICATION, NOTICE, AND SETTLEMENT IMPLEMENTATION

25.     The Parties agree to the following procedures for obtaining Preliminary Approval of the Settlement, and notifying Settlement Class Members of this Settlement:

a.      **Request for Certification and Approval Order.** Named Plaintiffs shall file an Unopposed Motion for Approval of Settlement Agreement, requesting that the Court:

i.      preliminarily certify the Settlement Class pursuant to 29 U.S.C. § 216(b) and FED. R. Civ. P. 23(a) and (b)(3) for the sole purpose of settlement; preliminarily approve the Settlement Agreement and its terms as fair, reasonable and sufficient and in the best interests of the Settlement Class;

ii.     appoint Named Plaintiffs as Settlement Class Representatives to act on behalf of the Settlement Class with respect to the Lawsuit and this Agreement; appoint Settlement Class Counsel as counsel for the Settlement Class; approve the proposed Notice of Settlement and find that the proposed method of disseminating the Notice of Settlement meets the requirements of due process and is the best notice practicable under the circumstances, approve the designation of the Settlement Administrator and proposed Settlement Administrator fees;

iii.    enjoin Named Plaintiffs and Settlement Class Members from filing or prosecuting any claims, suits or administrative proceedings regarding claims released by the Settlement, from the date of Preliminary Approval through and including the date of Final Approval, unless and until such individual has filed a valid and timely Exclusion Request;

iv.     approve the Parties' request that the docket remain open so that a Claim Form may be filed on the docket by Settlement Class Counsel on behalf of each Settlement Participant, and further approve the Parties' proposed method of filing Claim Forms with the Court as fair, reasonable and sufficient to constitute a consent to join the Lawsuit, as required by 29 U.S.C. § 216(b), on behalf of each Settlement Participant; and

v.      set a date for Named Plaintiffs' motion for Final Approval of the Settlement, and approval of the requested Service Awards, Attorneys' Fee Award and costs to Settlement Class Counsel, and set a date for the Final Approval Hearing which is at least forty-five (45) days following the Claims/Exclusion/Objection Deadline.

b.      Named Plaintiffs shall provide Defendant a copy of a draft Unopposed Motion for Preliminary Approval of Settlement Agreement at least three (3) business days in advance of filing it with the Court. The Unopposed Motion for Preliminary Approval of Settlement Agreement shall not be filed without Defendant's approval.

c.      **CAFA Notice.** The Settlement Administrator shall be responsible for filing required CAFA Notices within the time required by law.

d.      **Notice of Settlement.** The Settlement Administrator shall be responsible for preparing, printing and distributing the Notice of Settlement with Claim Form, and Reminder Notice to the extent necessary, to all Settlement Class Members.

e.      Within three (3) business days after the Preliminary Approval Order, Defendant shall provide to the Settlement Administrator an electronic database containing the names, last known addresses, social security numbers, and last known email addresses of each Settlement Class Member. Defendant shall also provide the Settlement Administrator with the total number of work days on which Settlement Class Counsel estimates such Settlement Class Member is owed payment for allegedly unpaid travel time ("Settlement Workdays"). Defendant's records shall control with respect to who is a Settlement Class Member, and determination and application of the settlement allocation formula. All information regarding Settlement Class Members provided to the Settlement Administrator shall be maintained in confidence and will not be shared with Settlement Class Counsel.

f.      Prior to the Initial Mailing, if the Parties determine that a person previously identified as being a Settlement Class Member is not a Settlement Class Member, or that a Person not previously identified as a Settlement Class Member is a Settlement Class Member, the Settlement Administrator shall promptly make such correction as appropriate.

g.      In order to provide the best notice practicable, the Settlement Administrator, prior to mailing the Notice of Settlement and Claim Form, will take reasonable efforts to identify current addresses via public and proprietary systems and run a skip trace.

h.      **Initial Mailing.** Within seven (7) business days after the Preliminary Approval Order, the Settlement Administrator shall mail via First Class U.S. Mail the Court-approved Notice of Settlement with Claim Form to Settlement Class Members. The Settlement Administrator shall also deliver a copy of the Notice of Settlement with Claim Form to Settlement Class Members at their last known email address based on last known email address in Defendant's records. The Notice of Settlement delivered in hard copy shall include a postage pre-paid return envelope addressed to the Settlement Administrator. The costs of such postage pre-paid envelope shall be paid for, first, out of the Settlement Administration Costs, and, to the extent such Settlement Administration Costs are exhausted, out of the Gross Settlement Amount. The Settlement Administrator shall provide prompt notice to Settlement Class Counsel and to Defendant's Counsel upon completion of the Initial Mailing.

i.      **Reminder Notice.** In the event that fewer than Fifty Percent (50%) of Settlement Class Members have responded to the Notice of Settlement (either by filing an Exclusion Request or a Claim Form) by the twenty-second (22) calendar day after the Initial

Mailing, the Settlement Administrator shall, on the twenty-third (23) calendar day after the Initial Mailing, send a Reminder Notice in the form approved by the Court to those Settlement Class Members who have not yet responded to the Notice of Settlement (either by filing an Exclusion Request or a Claim Form) via email based on last known email address in Defendant's records.

j.   **Returned Mail.** Any Notice of Settlement and Claim Form returned to the Settlement Administrator with a forwarding address shall be re-mailed within three (3) business days following receipt of the returned mail. If any Notice of Settlement and Claim Form is returned to the Settlement Administrator without a forwarding address, the Settlement Administrator shall undertake reasonable efforts to search for the correct address, and shall promptly re-mail the Notice of Settlement and Claim Form to any newly found address. In no circumstance shall such re-mailing extend the Claim/Exclusion/Objection Deadline.

26.   **Claim Forms.** To be timely, all Claim Forms must be postmarked and submitted to the Settlement Administrator by the Claims/Exclusion/Objection Deadline. The Parties, by way of mutual agreement, may waive this time limitation on a case by case basis. To be valid, all information requested in the Claim Form must be provided and the Claim Form must be signed by the Settlement Class Member to whom it is directed. The postmark date of mailing to the Settlement Administrator shall be the exclusive means for determining that a Claim Form is timely mailed. In the event of multiple postmark dates, if any postmark date falls within the Claims/Exclusion/Objection Deadline, the Claim Form will be deemed timely.

27.   **Objections.** The Notice of Settlement shall provide that Settlement Class Members who wish to object to the Settlement must, on or before the Claims/Exclusion/Objection Deadline, mail to the Settlement Administrator, Settlement Class Counsel and to Defendant's Counsel via First Class U.S. Mail a written statement objecting to the Settlement. Such Objection shall not be valid unless it includes the information specified in the Notice of Settlement and in this Paragraph. The statement must be signed personally by the objector, and must include the objector's name, address, telephone number, email address (if applicable), last four digits of your social security number, the factual and legal grounds for the Objection, and whether the objector intends to appear at the Final Approval Hearing. The Settlement Notice shall advise Settlement Class Members that Objections shall only be considered if the Settlement Class Member has not submitted a timely and valid Exclusion Request. No Settlement Class Member shall be entitled to be heard at the Final Approval Hearing (whether individually or through counsel), unless written notice of the Settlement Class Member's intention to appear at the Final Approval Hearing has been mailed to the Settlement Administrator, Settlement Class Counsel and Defendant's Counsel on or before the Claims/Exclusion/Objection Deadline and the Settlement Class Member has not opted out of the Settlement. The postmark date of mailing to the Settlement Administrator, Settlement Class Counsel and Defendant's Counsel shall be the exclusive means for determining that an Objection is timely mailed. In the event of multiple postmark dates, the postmark date that is latest in time will control. Persons who fail to return timely written Objections in the manner specified above shall be deemed to have waived any objections and opposition to the Settlement's fairness, reasonableness and adequacy, and shall be foreclosed from making any Objection (whether by appeal or otherwise) to the Settlement. None of the Parties, their counsel, nor any person on their behalf, shall seek to solicit or otherwise encourage anyone to object to the settlement, or appeal from any order of the Court that is consistent with the terms of this Settlement, or discourage participation in the Settlement claims process.

13

28.   **Exclusion Request.** The Settlement Notice shall provide that Settlement Class Members, other than Named Plaintiffs, who wish to exclude themselves from the Settlement must mail via First Class U.S. Mail to the Settlement Administrator a written statement indicating that they do not wish to participate in or be bound by the Settlement. The written request for exclusion must contain the Settlement Class Member's full name, address, telephone number, email address (if applicable), last four digits of their social security number, and must be signed individually by the Settlement Class Member. No Exclusion Request may be made on behalf of a group. Such written statement must be postmarked by the Claims/Exclusion/Objection Deadline. The postmark date of mailing to the Settlement Administrator shall be the exclusive means for determining whether the Exclusion Request is timely mailed. In the event of multiple postmark dates, the postmark date that is latest in time will control.

29.   **Conflicting Submissions.** If the Settlement Administrator receives a timely and valid Exclusion Request and a timely and valid Claim Form from a Settlement Class Member, the timely and valid Claim Form shall control unless the Exclusion Request is postmarked later in time and states, "I wish to withdraw my earlier submitted Claim Form and exclude myself from the Settlement."

30.   **Cure Period.** In the event any Claim Form is timely submitted but does not contain sufficient information to be valid, the Settlement Administrator shall contact the Settlement Class Member, within two (2) business days, to request the information that was not provided. Any invalid submission that is not timely cured will be considered a nullity. The Settlement Administrator will inform Settlement Class Counsel and Counsel for Defendant of any cure letters sent under this section. In no event shall the Claims/Exclusion/Objection Deadline be extended.

31.   **Report by the Settlement Administrator.** On a weekly basis beginning on the date of the Initial Mailing and continuing until three (3) business days following the Redistribution Check Expiration Date, the Settlement Administrator shall provide to Settlement Class Counsel and to Defendant's Counsel a report providing notice of: (a) the total number of Settlement Class Members who have filed a timely and valid Claim Form, Exclusion Request or Objection; (b) the total number of Claim Forms, Exclusion Requests or Objections received that were untimely or invalid and, with respect to Claim Forms, the number for which a Cure Notice was sent; (c) the total number of Notices of Settlement that were returned to the Settlement Administrator as undeliverable and the number that were re-mailed; (d) the total value of Settlement Awards associated with each Settlement Participant and (e) any other information requested by either Party.

32.   **Final Approval Hearing.** After review and approval by Defendant, Named Plaintiffs shall request that the Court schedule the Final Approval Hearing no earlier than forty-five (45) days after the Claims/Exclusion/Objection Deadline to determine Final Approval of the Settlement and to enter a Final Approval Order:

    a.   finally and unconditionally granting Final Approval of the Settlement as fair, reasonable, and adequate;

b.    certifying the Settlement Class as an FLSA collective action under 29 U.S.C. § 216(b) and as a class action under FED. R. Civ. P. 23(a) and (b)(3) for purposes of settlement only;

c.    finding dissemination of the Notice of Settlement was accomplished as directed and met the requirements of due process;

d.    directing that the Settlement funds be distributed in accordance with the terms of this Settlement Agreement;

e.    directing that the Lawsuit be dismissed finally, fully, forever on the merits and with prejudice and in full and final discharge of any and all Named Plaintiffs' Released Claims, Settlement Participants' Released Claims and Settlement Class Members' Released Claims; and

f.    retaining continuing jurisdiction over this Lawsuit for purposes only of overseeing all Settlement administration matters.

## SETTLEMENT FUNDS AND AWARD CALCULATION

33.    **Gross Settlement Amount.**

a.    **Deposit.** Five (5) business days following the Settlement Effective Date, Defendant shall electronically transfer the Gross Settlement Amount to the Settlement Administrator. Upon receipt by the Settlement Administrator, these funds shall be transferred immediately to a Qualified Settlement Fund ("QSF") satisfying the requirements of Treasury Regulation Section 1.468B-1. The Settlement Administrator shall provide Defendant with all necessary tax paperwork as soon as practicable after receipt of the funds. Defendant and Settlement Administrator shall work cooperatively to ensure all required tax paperwork is completed and executed in a timely manner.

b.    **Disbursement by Settlement Administrator.** All disbursements shall be made from the QSF. The Settlement Administrator shall be the only entity authorized to make withdrawals or payments from the Qualified Settlement Fund.

34.    **Payments.** Subject to Court approval, the following amounts shall be paid by the Settlement Administrator from the Gross Settlement Amount:

a.    **Service Award to Named Plaintiffs.** Subject to the Court's approval, Named Plaintiffs shall each receive Ten Thousand Dollars ($10,000) for their efforts in bringing and prosecuting this matter. The Service Award payments shall be reported on Box 3 - other income on an IRS Form 1099-MISC. If approved by the Court, payment of the Service Awards shall be made within ten (10) business days after the Settlement Effective Date. The amount of any Service Award is subject to the Court's approval. Any amounts requested shall not be a material term of the Settlement Agreement and, if not approved by the Court, shall not be a basis upon which to terminate the settlement or Settlement Agreement and shall revert to the Net Settlement Amount and be eligible for distribution to Settlement Class Members. Named Plaintiffs shall be solely and legally responsible to pay any and all applicable taxes on the payment made to

15

them. A condition precedent to the payment of Service Awards to the Named Plaintiffs is the Settlement Administrator's receipt of completed and executed IRS Form W-9 from the Named Plaintiffs.

      b.      **Attorneys' Fee Awards and Costs.**

             i.      Subject to the Court's approval, Settlement Class Counsel shall receive an Attorneys' Fee Award in an amount of up to Forty Percent (40%) of the Gross Settlement Amount, i.e., Four Hundred Sixty Thousand Dollars and Zero Dollars ($460,000) which will compensate Settlement Class Counsel for all work performed in the Lawsuit as of the date of this Settlement Agreement, as well as for all of the work remaining to be performed, including but not limited to documenting the Settlement, securing Preliminary Approval and Final Approval of the Settlement, obtaining Final dismissal of the Lawsuit and making sure that the Settlement is fairly administered and implemented. In addition, Settlement Class Counsel shall, subject to Court approval, receive reimbursement of their out-of-pocket costs estimated to be Five-Thousand Dollars ($5,000). If approved by the Court, these payments of attorneys' fees and costs shall be made within ten (10) business days after the Settlement Effective Date. The amounts of the Attorneys' Fee Award and costs to Settlement Class Counsel are subject to the Court's approval. Any such amounts requested shall not be a material term of the Settlement Agreement and, if not approved by the Court, shall not constitute a basis upon which to terminate the settlement or Settlement Agreement and shall revert to the Net Settlement Amount and be eligible for distribution to Settlement Class Members.

             ii.      The attorneys' fees and costs paid by Defendant pursuant to this Agreement, out of the Gross Settlement Amount, shall constitute full satisfaction of Defendant's obligations to pay amounts as fees or costs in this Lawsuit on behalf of any Settlement Class Member, and shall relieve Defendant from any other claims or liability for any attorneys' fees or costs in connection with the Lawsuit.

             iii.      The QSF shall issue an IRS Form 1099-MISC to Settlement Class Counsel for the Attorneys' Fee Award and costs to Settlement Class Counsel. Settlement Class Counsel shall be solely and legally responsible to pay any and all applicable taxes on the payment made to them. A condition precedent to the payment to Settlement Class Counsel of the Attorneys' Fee Award and costs is the Settlement Administrator's receipt of completed and executed IRS Form W-9 from Settlement Class Counsel.

             iv.      The Settlement Administrator shall also report a *pro rata* share of the Court-approved Attorneys' Fee Award and costs on IRS Forms 1099-MISC that will be issued to each Settlement Participant, including the Named Plaintiffs. The *pro rata* share shall be determined by dividing each Settlement Participant's individual Settlement Award (and Service Award if applicable) by the Gross Settlement Amount. The resulting quotient shall be multiplied by the Attorneys' Fee Award plus costs, resulting in that Settlement Participant's *pro rata* share of the Attorney's Fee Award and costs. The Parties acknowledge and agree that the foregoing tax treatment is a material term of this Agreement and that no Settlement could have been reached by the Parties without it.

35.   **No Claim Based Upon Distributions or Payments in Accordance with this Settlement Agreement.** No Person shall have any claim against Defendant and Releasees, Settlement Class Counsel, Defendant's Counsel, or the Settlement Administrator based on distributions or payments made in accordance with this Settlement Agreement.

## CALCULATION AND DISTRIBUTION OF SETTLEMENT AWARDS

36.   **Settlement Award Eligibility.** Based on the following settlement formula, the Settlement Administrator shall divide the Net Settlement Amount in *pro rata* shares to each Settlement Class Member. The Settlement Administrator shall be responsible for determining eligibility for, and the amount of, the Settlement Awards to be paid to each Settlement Class Members based on Defendant's records. If approved by the Court, Settlement Awards shall be sent to Settlement Participants twelve (12) business days following the Settlement Effective Date.

a.   **Settlement Allocation Formula.** Each Settlement Class Member, except for "Excluded Settlement Class Members" shall be eligible to receive *a pro rata* portion of the Net Settlement Amount based on each Settlement Class Member's Settlement Workdays as reflected in Settlement Class Counsel's analysis of Defendant's records. Settlement Workdays before July 1, 2018 will be worth 1.5x. Settlement Workdays on or after July 1, 2018 will be worth .5x. The Net Settlement Amount shall be divided by the total number of Settlement Workdays, as adjusted with the foregoing multipliers, worked by all Settlement Class Members to reach a dollar figure per Settlement Workday ("Dollar Value.") Each Settlement Class Member, except Excluded Settlement Class Members, shall be eligible to receive a Settlement Award that is the result of multiplying the Dollar Value by the Settlement Participant's individual number of Settlement Workdays. In addition to other information in the Notice of Settlement, the Notice of Settlement shall include an explanation of the distribution formula. Settlement Participants shall receive a minimum payment of Fifty Dollars ($50.00). Excluded Settlement Class Members are those Settlement Class Members who have asserted a claim in the Lawsuit for unpaid wages, but the Parties agree do not qualify for a Settlement Award under the foregoing allocation formula. There are an estimated seventeen (17) Excluded Settlement Class Members. Excluded Settlement Class Members shall receive a payment of Fifty Dollars ($50.00).

37.   All Settlement Award determinations shall be based on Defendant's payroll and timekeeping records.

38.   The Settlement Awards shall be apportioned so that Fifty Percent (50%) of each award shall be treated as alleged unpaid wages, subject to regular withholding and deductions and reportable via IRS Form W-2. Fifty Percent (50%) of each award shall be treated as payment for alleged liquidated damages, penalties and interest, shall not be subject to withholding and deductions, and shall be reported on an IRS Form 1099-MISC, Box 3.

39.   Settlement Participants shall be solely responsible for the reporting and payment of any federal, state, and/or local income or other tax or any other withholdings, if any, on any of the payments received by them pursuant to this Agreement. If any taxing body determines that the tax treatment was incorrect and that greater amounts should have been withheld from any Settlement Award or any part thereof, Settlement Participants shall be required to assume all responsibility

for paying those amounts and further agree to indemnify and hold Defendant and Settlement Class Counsel harmless for payment of any additional taxes and any interest and penalties thereon.

40.     Settlement Class Counsel and Defendant's Counsel do not intend for this Settlement Agreement to constitute legal advice relating to the tax liability of any Settlement Class Member. To the extent that this Settlement Agreement, or any of its attachments, is interpreted to contain or constitute advice regarding any federal, state or local tax issue, such advice is not intended or written to be used, and cannot be used, by any Person for the purpose of avoiding any tax liability or penalties. Named Plaintiffs and Settlement Participants are each solely responsible for correctly characterizing this compensation for tax purposes and paying any taxes due. Defendant shall have no liability to any tax authorities for the tax treatment of the Settlement Payments as set forth in this Agreement and approved by the Court.

41.     To the extent permitted by law, in no event shall any Settlement Award or Service Award create any credit or otherwise affect the calculation of or eligibility for compensation, bonus, deferred compensation or benefit under any compensation, deferred compensation, pension or other benefit plan provided by Defendant, nor shall any such payments be considered "compensation" under any pension, retirement, profit sharing, incentive or deferred compensation benefit plan, nor shall any such payments require any contribution or award under any such plan, or otherwise modify any benefits contributions or coverage under any other employment compensation or benefit plan or program.

42.     **Reverter.** The Reverter shall be comprised of: (i) Individual Settlement Awards that were allocated to Settlement Class Members who do not become Settlement Participants; and (ii) Settlement Awards that are allocated and sent to Settlement Participants but that are not Cashed by the Check Expiration Date. Fifty Percent (50%) of the Reverter shall revert to NWMCC ("NWMCC Reverter"). The Settlement Administrator shall pay Defendant the NWMCC Reverter three (3) business days after the Check Expiration Date via check or wire transfer, at Defendant's election. Fifty Percent (50%) of the Reverter shall be redistributed to Settlement Participants ("Settlement Reverter"). Costs of such redistribution, if any, shall come out of the Settlement Administration Costs, first, and, to the extent the Settlement Administration Costs have been exhausted, shall be paid for out of the Settlement Reverter. The Parties will confer within thirty (30) days of the Check Expiration Date to determine whether the Settlement Reverter is of a sufficient amount that it would be practicable to make a further distribution when taking into consideration costs of redistribution, or whether it would be more practicable to distribute the remaining funds to an appropriate charitable or non-profit organization under the *cy pres* doctrine to be determined by the Court.

a.     If the Parties determine that the remaining Settlement Reverter should be distributed to an appropriate charitable or non-profit organization, they shall compile a list of two suitable organizations, the names of one charitable or non-profit organization to be submitted by each Party, from which the Court will choose one or more such organizations to receive the funds.

b.     If the Parties determine it would be practicable to make a further distribution to Settlement Participants, in the event any subsequent Settlement Award ("Redistributed Settlement Award") is not Cashed within sixty (60) calendar days from the date mailed by the Settlement Administrator, such check will expire ("Redistribution Check Expiration Date"). Any

Settlement Participant who fails to Cash his or her Redistributed Settlement Award by the Redistribution Check Expiration Date will be deemed to have irrevocably waived any right to that Settlement Award pursuant to this Agreement. Any remaining Redistributed Settlement Awards that are not Cashed by the Redistribution Check Expiration Date shall be donated to a suitable *cy pres* recipient, per the terms of this Paragraph 42 (a).

## MISCELLANEOUS

43.   **Unilateral Termination of Agreement by Defendant.** If more than five percent (5%) of Settlement Class Members file timely and valid Exclusion Requests, Defendant in its sole discretion may elect to void the Settlement, and if voided, shall be of no further force or effect and will not be used or admissible in any subsequent proceeding for any purpose. Defendant may further, in its sole discretion, elect to void the Settlement if there is a change to any material term or the Court disapproves of or refuses to enforce any material term, and if voided, shall be of no further force or effect and will not be used or admissible in any subsequent proceeding for any purpose. In particular, in addition to other provisions of this Agreement that are designated as material, the following Paragraphs set forth material terms of Settlement: (i) the Parties' agreement that Defendant shall not be required to pay more than the Gross Settlement Amount under any circumstances, except as with respect to the Settlement Administration Costs; (ii) the Parties' agreement that Defendant shall not pay any Attorneys' Fee Award or costs beyond the amounts approved by the Court, and that these payments receive the tax treatment specified in this Agreement; (iii) the Parties' agreement that Defendant shall not pay more than a maximum of Twenty Thousand Dollars ($20,000) in Settlement Administration Costs; (iv) the Parties' agreement with respect to the reversion of certain funds as described herein; (v) the Released Claims in Paragraphs 17-19; and (vi) the Covenant Not To Sue in Paragraph 23. Defendant may exercise its option to void this Agreement as provided in this Paragraph by giving notice, in writing, to Settlement Class Counsel within three (3) business days of Defendant or Defendant's Counsel learning of any condition that would give rise to unilateral termination by Defendant.

44.   **Nullification of the Settlement Agreement.** In the event: (a) the Court does not grant Preliminary Approval or Final Approval of the Settlement; (b) the Settlement does not become Final; (c) the Agreement is terminated by Defendant consistent with Paragraph 43; or (d) the Settlement Effective Date does not occur, either Party may void the Agreement. In such case, the Parties agree that each shall return to their respective positions prior to the Settlement, and this Agreement shall not be used in evidence or argument in any other aspect of the Lawsuit.

45.   Upon termination of the Agreement pursuant to Paragraph 43 or nullification of the Agreement pursuant to Paragraph 44, Defendant shall have no obligation to make any payments to Settlement Class Counsel, the Named Plaintiffs or any Settlement Class Member, except that the Parties shall be jointly responsible for any costs of Settlement Administration incurred to the point of termination or nullification of the Agreement. Further, the Gross Settlement Amount, to the extent already deposited with the Settlement Administrator, will be returned to Defendant. In the event the Settlement Agreement is terminated or nullified, the Agreement and all negotiations, statements and proceedings relating thereto shall be without prejudice to the rights of any of the Parties, all of whom shall be restored to their respective positions in the action prior to the Settlement and neither this Settlement Agreement, nor any ancillary documents, actions,

statements or filings in furtherance of Settlement shall be admissible or offered into evidence in the Lawsuit or in any other action for any purposes whatsoever.

46.     **Participation in Settlement.** The Parties agree that neither they nor their counsel shall encourage any Settlement Class Member to not participate in the Settlement, to exclude themselves from Settlement, to file an Objection or to appeal the Final Approval Order or other Order dismissing the Lawsuit with prejudice.

47.     **Inadmissibility of Settlement Agreement.** Except for purposes of settling this Lawsuit, or enforcing its terms (including that claims were settled and released), resolving an alleged breach, or for resolution of other tax or legal issues arising from a payment under this Settlement Agreement, neither this Agreement, nor its terms, nor any document, statement, proceeding or conduct related to this Agreement, nor any reports or accounts thereof, shall be construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the Parties, including, without limitation, evidence of a presumption, concession, indication or admission by any of the Parties of any liability, fault, wrongdoing, omission, concession or damage.

48.     **Computation of Time.** For purposes of this Agreement, if the prescribed time period in which to complete any required or permitted action expires on a Saturday, Sunday, or legal holiday (as defined by FED. R. Civ. P. 6(a)(6)), such time period shall be continued to the following business day. The term "days" shall mean calendar days unless otherwise noted.

49.     **Interim Stay of Proceedings.** Pursuant to Court approval, the Parties agree to hold in abeyance all proceedings in the Lawsuit, except such proceedings necessary to implement and complete the Settlement.

50.     **Amendment or Modification.** This Agreement may be amended or modified only by a written instrument signed by the Parties including Named Plaintiffs and Defendant, or their successors in interest. This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto.

51.     **Entire Settlement Agreement.** This Agreement with exhibits constitutes the entire Agreement among the Parties regarding the subject matter of this Agreement, and no oral or written representations, warranties or inducements have been made to any of the Parties concerning this Agreement other than the representations, warranties, and covenants contained and memorialized in such documents. All prior or contemporaneous negotiations, memoranda, agreements, understandings, and representations, whether written or oral, including but not limited to the Parties' Confidential Memorandum of Understanding signed by Named Plaintiffs and Defendant, are expressly superseded hereby and are of no further force and effect. Each of the Parties acknowledge that they have not relied on any promise, representation or warranty, express or implied, not contained in this Agreement. No rights hereunder may be waived except in writing. Expressly excluded from this merger clause are any confidentiality stipulations, agreements or orders in the Lawsuit. The Parties expressly agree to adhere to all such stipulations, agreements or orders, which shall survive this Agreement.

52.     **Authorization to Enter Into Settlement Agreement.** The Parties warrant and represent that they are authorized to enter into this Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement. The Parties and their counsel shall cooperate with each other and use their best efforts to effect the implementation of the Agreement. In the event that the Parties are unable to reach resolution on the form or content of any document needed to implement this Agreement, or on any supplemental provisions or actions that may become necessary to effectuate the terms of this Agreement, the Parties shall seek the assistance of the Court to resolve such disagreement.

53.     **Binding on Successors and Assigns.** This Agreement shall be binding upon, and inure to the benefit of Named Plaintiffs, Defendant, the Settlement Class Members, Settlement Participants and their heirs, beneficiaries, executors, administrators, successors, transferees, successors, assigns, or any corporation or any entity with which any party may merge, consolidate or reorganize. The Parties hereto represent, covenant and warrant that they have not directly or indirectly assigned, transferred, encumbered or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

54.     **Counterparts.** This Agreement may be executed in one or more counterparts, including by facsimile or email. All executed counterparts and each of them shall be deemed to be one and the same instrument. Ink signatures are required. All executed copies of this Agreement, and photocopies thereof (including PDF, facsimile and/or emailed copies of the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

55.     **Signature Required by Named Plaintiffs.** Only the Named Plaintiffs are required to execute this Settlement Agreement. The Notice of Settlement will advise all Settlement Class Members of the binding nature of the release provisions set forth herein and the covenant not to sue, and such shall have the same force and effect as if this Settlement Agreement were executed by each Settlement Class Member or Settlement Participant.

56.     **Non-Waiver.** No delay or omission by either Party in exercising any right under this agreement shall operate as a waiver of that or any other right. A waiver or consent given by a Party on any one occasion shall be effective only in that instance and shall not be construed as a bar or waiver of any right on any other occasion.

57.     **Cooperation and Drafting.** The Parties have cooperated in the drafting and preparation of this Agreement; hence the drafting of this Agreement shall not be construed against any of the Parties. The Parties agree that the terms and conditions of this Agreement were negotiated at arm's length and in good faith by the Parties, and reflect a settlement that was reached voluntarily based upon adequate information and sufficient discovery and after consultation with experienced legal counsel.

58.     **Governing Law.** All terms of this Settlement Agreement and the exhibits hereto shall be governed by and interpreted according to the laws of the State of New Jersey.

59.     **Jurisdiction of the Court.** The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement and all orders and judgments entered in connection therewith, including for purposes of overseeing settlement administration matters to the extent necessary, and the Parties and their Counsel submit to the jurisdiction of the Court for this purpose. The Court also agrees to hold the docket open to allow for the filing of Claim Forms by Settlement Class Counsel for all Settlement Participants.

60.     **Publicity.**    Notwithstanding communications with the Court or settlement administrators, neither the Named Plaintiffs nor Settlement Class Counsel shall publicize, or cause to be publicized, directly or indirectly, the discussions resulting in or the existence of this Settlement or its terms, in any type of mass media, including, but not limited to, speeches, press conferences, press releases, interviews, television or radio broadcasts, newspapers, messages on the Internet, Facebook, Twitter or any other social media, Settlement Class Counsel's, or any other, website. Without limiting Defendant's rights and remedies for a breach of this provision, such breach shall entitle Defendant, in the exercise of its sole discretion, to nullify the Settlement Agreement at any time before a Preliminary Approval Order is issued by the Court. Should any Named Plaintiff or Settlement Class Counsel at any time breach this provision, such breaching Named Plaintiff shall forfeit the full amount of his Settlement Award and any Service Payment to be awarded to him under the Settlement. The breaching Settlement Class Counsel shall also forfeit the Attorneys' Fee Award and payment of costs under this Agreement. The foregoing forfeited payment shall return to the Net Settlement Amount for distribution to Settlement Participants. If counsel for any Party receives an inquiry about the Settlement or this Agreement or the Lawsuit from the media, such counsel may respond only after the motion for Preliminary Approval has been filed, and only by confirming the accurate terms of the Settlement Agreement. Nothing in this provision shall prevent any Party from making disclosures required by law.

61.     **Severability.**   If any part of this Settlement Agreement is found to be illegal, invalid, inoperative or unenforceable in law or equity, such finding shall not affect the validity of any other provisions of this Settlement Agreement, which shall be construed, reformed and enforced to effect the purposes thereof to the fullest extent permitted by law.

IN WITNESS WHEREOF, the Parties and their Counsel have executed this Settlement Agreement as follows:

_____     December ___, 2019
Enrique Domenech

_____     December ___, 2019
Emmanuel Lopez

_____     December 23, 2019
NATIONAL WATER MAIN
CLEANING COMPANY
By James O Lounsbery
Executive Vice President, NWMCC

23