**CLOSED**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ENRIQUE DOMENECH and EMMANUEL LOPEZ, *on behalf of themselves and all other similarly situated persons*,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL WATER MAIN CLEANING COMPANY,<br><br>Defendant. | Civil Action No.<br><br>18-8202 (LDW)<br><br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT** |

**THIS MATTER** having come before the Honorable Leda Dunn Wettre, U.S.M.J., for a Fairness Hearing on April 21, 2020 to determine whether the proposed Settlement Agreement between the Parties to this action (the "Lawsuit"), Enrique Domenech and Emmanuel Lopez (hereinafter referred to as "Plaintiffs"), and Defendant National Water Main Cleaning Company (hereinafter referred to as "Defendant"), is fair, reasonable and adequate; to consider Class Counsel's application for an award of attorneys' fees and costs; and to consider the incentive awards to the Plaintiffs; and the Plaintiffs and Settlement Class Members being represented by Class Counsel and Defendant being represented by its attorneys;

**AND THE COURT,** having considered the Parties' Settlement Agreement and all the appurtenant papers submitted by the Parties and filed by Class Counsel, Plaintiffs' brief and the declarations submitted in support of the application for final approval ("Motion for Final Approval"), the oral arguments of counsel presented to the Court at the April 21, 2020 Fairness

**CLOSED**

Hearing and all papers filed and proceedings had herein; for good cause appearing; and for the reasons stated on the record at the Fairness Hearing;

**NOW, THEREFORE IT IS HEREBY ORDERED THAT:**

1. The Motion for Final Approval of the proposed settlement (ECF No. 83) is **GRANTED**. The Settlement Agreement is deemed incorporated herein and the Parties are hereby ordered to consummate the settlement according to the terms of the Settlement Agreement, and as set forth in this Order.

2. All capitalized terms used herein have the meanings defined herein and/or in the Settlement Agreement.

3. Pursuant to Fed. R. Civ. P. 23, the Lawsuit is hereby finally certified as a class action on behalf of the Settlement Class, and the Court finally appoints the Class Representatives and Class Counsel.

4. The Court finds that the settlement, on the terms and conditions set forth in the Settlement Agreement, filed as the Second Revised Collective and Class Action Settlement Agreement and Release (ECF No. 67-1), is fundamentally fair, reasonable, and adequate, concerns a bona fide dispute, and is in the best interests of the Settlement Class Members, especially in light of the benefits achieved on behalf of them; the risk and delay inherent in litigation; and the limited amount of any potential recovery that could be shared by the Settlement Class Members (*see* 15 U.S.C. § 1692k(a)(2)).

5. The Court also finds that final collective action certification is appropriate under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* (the "FLSA") for settlement purposes only, and that the Settlement Agreement does not frustrate the purposes of the FLSA.

**CLOSED**

6. This Order is binding upon all Settlement Class Members. There were no opt-outs who excluded themselves. There were also no objections filed, nor did any objectors appear at the Fairness Hearing.

7. As a result of the settlement that has been approved in this Lawsuit, as of the Effective Date, Plaintiffs and each Settlement Class Member release and discharge the Releasees from the Released Claims as these terms are defined in the Settlement Agreement.

8. Defendant shall pay Class Counsel's fees and costs in the amount of $465,000.00, which payment includes costs and expenses (excluding the expenses of the Settlement Administrator). This amount does not include any time, if necessary, to enforce any breach of the Settlement Agreement. These fees and costs are in addition to the settlement benefits the Settlement Class will receive from the Settlement Fund and are the sole property of Class Counsel, not Plaintiffs or the Settlement Class. The Court finds that this award is fair and reasonable. This payment shall be made within ten (10) days of the Final Approval Date as set forth in the Settlement Agreement.

9. Final Judgment is hereby entered in this Lawsuit, consistent with the terms of the Settlement Agreement.

10. This Lawsuit against the Defendant is hereby dismissed with prejudice. The Court shall retain exclusive and continuing jurisdiction over the Lawsuit and all settling parties to interpret and enforce the terms, conditions and obligations of this Settlement Agreement.

11. The Clerk of Court is directed to terminate the motion at ECF No. 83.

**IT IS SO ORDERED.**

Dated:  April 21, 2020         *s/ Leda Dunn Wettre*
                               HONORABLE LEDA DUNN WETTRE
                               UNITED STATES MAGISTRATE JUDGE